**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52815**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 16, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| RYAN WILLIAM LUDWIG, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of one year, for possession of a controlled substance, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Ryan William Ludwig pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Ludwig to a unified term of five years, with a minimum period of confinement of one year. Ludwig filed an I.C.R. 35 motion,

1

which the district court denied. Ludwig appeals, arguing that his sentence is excessive and that the district court erred in denying his Rule 35 motion for reduction of sentence.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Ludwig's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Ludwig's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Ludwig's judgment of conviction and sentence, and the district court's order denying Ludwig's Rule 35 motion, are affirmed.

---

[1]     Ludwig also pled guilty to and was sentenced for a misdemeanor. However, he does not challenge this judgment of conviction and sentence on appeal.